IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| KENNY BEANE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 11-cv-0900-MJR |
| v. | ) | |
| | ) | |
| NICHOLAS MENDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

On October 4, 2011, Kenny Beane filed a pro se complaint in this United States District Court, alleging that Nicholas Mendez had violated his civil rights. Additionally, Beane filed a motion for leave to proceed *in forma pauperis* (Doc. 2) and a motion for appointment of counsel (Doc. 3).

In granting a motion for pauper status, a federal district court authorizes a lawsuit to proceed without prepayment of fees. *See* **28 U.S.C. § 1915(a)(1)("any court of the United States may authorize the commencement ... of any suit ... without prepayment of fees....")**. Additionally, § 1915(e)(1) authorizes a federal court to request an attorney to represent any person unable to afford counsel." **28 U.S.C. § 1915(e)(1)**.

Before the Court can grant pauper status or appoint counsel, however, it must carefully screen the complaint. Section 1915(e)(2) requires federal courts to dismiss the complaint if (a) the allegation of poverty is untrue; (b) the action is frivolous or malicious; (c) the action fails to state a claim upon which relief can be granted; or (d) the action seeks monetary relief from a defendant who is immune from such relief. **28 U.S.C. § 1915(e)(2)**.

In the case at bar, the Court is satisfied from Beane's affidavit that he is indigent. However, it cannot determine if the action is frivolous or malicious. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. ***Neitzke v. Williams*, 490 U.S. 319, 325 (1989)**. Furthermore, when assessing a petition to proceed *in forma pauperis*, a district court should inquire into the merits of the petitioner's claim, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. ***Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982**).

The Court cannot determine that Beane's cause of action is not frivolous or malicious. Beane's complaint simply does not contain enough factual allegations to determine that his claim has merit. Beane tells the Court which of his constitutional rights he thinks Defendant Mendez has violated, but he does not describe the <u>facts</u> of what happened between him and Mendez that caused those violations. The Court must know Beane's view of the <u>facts</u> of what happened between him and Mendez before the Court can decide whether to allow him to proceed without prepayment of fees.

Accordingly, the Court **ORDERS** Beane to file a supplement to his complaint explaining the facts that gave rise to the violations alleged in the complaint by **October 28, 2011**. The Court **RESERVES RULING** on Beane's pending motions (Docs. 2 & 3) until after October 28, 2011.

The Court **WARNS** Beane that failure to file a supplement to his complaint by October 28, 2011, **WILL RESULT** in dismissal of this action. Moreover, failure to describe in the supplement the facts on which Beane's claims are based in a more coherent manner **MAY RESULT** in dismissal of this action for failure to state a claim upon which relief may be

granted.

        IT IS SO ORDERED.

        DATED this 7th day of October, 2011


                              <u>s/Michael J. Reagan</u>
                              MICHAEL J. REAGAN
                              United States District Judge